IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE CYPRIAN,

    Plaintiff,               No. 2:09-cv-2704 JAM JFM (PC)

    vs.

DERRICK GIVENS, et al.,

    Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is proceeding on claims raised in plaintiff's third amended complaint, filed March 26, 2010. Therein, plaintiff alleges that defendants Givens and Rogers "filed a false charge" against him, and that defendant Providence acted in concert with these two defendants to "frame" him. Third Amended Complaint, filed March 26, 2010, at 3. Plaintiff alleges that defendant Sanchez denied him access to the law library to defend against the charges. Id. Plaintiff alleges that defendants Mitchell, Flores, Dickinson and Newman all "conspired" to "deprive the plaintiff of equal protection of the law" because they were presented with evidence that the charges had been fabricated and failed to consider those facts; plaintiff also claims these actions violated his right to due process. Plaintiff further alleges that defendant Newman, an attorney appointed to represent plaintiff, denied plaintiff defense witnesses during trial on a

1

criminal prosecution in state court. Finally, plaintiff alleges that defendants DeMars and Dickinson were deliberately indifferent to plaintiff's health and safety by housing him in an administrative segregation unit with no outside airflow, causing plaintiff to suffer hayfever symptoms.

        Defendants have moved to dismiss this action on several grounds. In their December 6, 2010 motion to dismiss, defendants Givens, Rogers[1], Providence, Flores, DeMars and Sanchez contend, <u>inter alia</u>, that the claims against all defendants, except the claim against defendant Sanchez and the deliberate indifference claim against defendants DeMars and Dickinson, are barred by the rule announced in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and its progeny. Defendant Newman has attached to his motion to dismiss, filed December 7, 2010, exhibits related to a state superior court prosecution that arose from the events complained of in the third amended complaint. In addition, the other moving defendants have filed a request for judicial notice of plaintiff's opposition to defendant Newman's motion to dismiss in connection with their pending motion to dismiss. The court intends to consider the evidence tendered by defendant Newman and any other evidence relevant to the question of whether any of plaintiff's claims implicate the validity of a prison disciplinary conviction which resulted in the loss of good time credits.[2] Accordingly, defendants' January 6, 2011 request for judicial notice is granted.

---

[1] By order filed November 16, 2010, plaintiff was ordered to file additional information for service of process on defendant Rogers. By order filed January 21, 2011, plaintiff was granted an additional period of thirty days to comply with that order. On February 24, 2011, plaintiff notified the court that he was unable to find any additional information concerning defendant Rogers' address for service. Review of the motion to dismiss filed December 6, 2010 by defendants Dickinson, Givens, Providence, Mitchell, Flores, DeMars and Sanchez demonstrates that said defendants contend therein that the claims against defendant Rogers are subject to dismissal. For that reason, the court finds that defendant Rogers has appeared in this action and plaintiff will be relieved of any further obligation to comply with the court's November 16, 2010 order.

[2] In his motion, defendant Newman represents that on October 9, 2009, a jury voted 9-3 to acquit plaintiff of the criminal charges, which were then dismissed. <u>See</u> Defendant Newman's Motion to Dismiss, filed December 7, 2010, at 7, and Ex. E to Defendant Newman's Request for Judicial Notice appended thereto.

Defendant Newman has also requested judicial notice in support of his motion to dismiss, in which he contends that the claim against him is barred because at all times relevant to this action he was a private attorney and was not acting under color of state law and that plaintiff cannot prove that defendant Newman caused any damages because the criminal charges were dismissed. Defendant Newman has requested judicial notice of several exhibits. Good cause appearing, that request is granted.

As noted above, the court intends to consider evidence tendered by the parties extrinsic to the pleadings in connection with the claims arising from the disciplinary and/or criminal charges filed against plaintiff. Accordingly, defendants' December 6, 2010 and December 7, 2010 motions to dismiss are, to that extent, converted to motions for summary judgment and the court will, by this order, give all parties an opportunity to file additional evidence in support of and opposition to this aspect of defendants' motions. See Fed. R. Civ. P. 12(d).

On December 29, 2010, plaintiff filed a document styled as a "Motion to Amend Cover Sheet to Include Conspiracy Claims under 42 U.S.C. 1985(2) and 1985(3)." Motion, filed December 29, 2010. It appears that plaintiff seeks to amend his complaint to include defendant Sanchez in a conspiracy claim alleged in the third amended complaint. Plaintiff's motion is not accompanied by a proposed fourth amended complaint. For that reason, the motion will be denied. Moreover, the court does not intend to entertain a further motion to amend until after the pending motions to dismiss are resolved.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is relieved of any further obligation to comply with the court's November 16, 2010 order;

2. Defendant Newman's December 7, 2010 request for judicial notice is granted;

3. The remaining defendants' January 6, 2011 request for judicial notice is granted;

3

4. The motions to dismiss filed December 6, 2010 and December 7, 2010 are converted to motions for summary judgment with respect to all claims except the claim raised against defendant Sanchez and the deliberate indifference claim raised against defendants DeMars and Dickinson;

5. Plaintiff is referred to the provisions of this court's order filed September 14, 2010 with respect to the requirements for opposition a motion for summary judgment;

6. The parties are granted thirty days from the date of this order to file further briefing and evidence in support of and opposition to the pending motions for summary judgment; and

7. Plaintiff's December 29, 2010 motion to amend is denied without prejudice.

DATED: April 7, 2011.

UNITED STATES MAGISTRATE JUDGE

12
cypr2704.fb