IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE CYPRIAN,

    Plaintiff,                        No. 2:09-cv-2704 JAM JFM (PC)

    vs.

DERRICK GIVENS, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is proceeding on claims raised in plaintiff's third amended complaint, filed March 26, 2010. Therein, plaintiff alleges that defendants Givens and Rogers "filed a false charge" against him, and that defendant Providence acted in concert with these two defendants to "frame" him. Third Amended Complaint, filed March 26, 2010, at 3. Plaintiff alleges that defendant Sanchez denied him access to the law library to defend against the charges. <u>Id</u>. Plaintiff alleges that defendants Mitchell, Flores, Dickinson and Newman all "conspired" to "deprive the plaintiff of equal protection of the law" because they were presented with evidence that the charges had been fabricated and failed to consider those facts; plaintiff also claims these actions violated his right to due process. Plaintiff further alleges that defendant Newman, an attorney appointed to represent plaintiff, denied plaintiff defense witnesses during trial on a

criminal prosecution in state court. Finally, plaintiff alleges that defendants DeMars and Dickinson were deliberately indifferent to plaintiff's health and safety by housing him in an administrative segregation unit with no outside airflow, causing plaintiff to suffer hayfever symptoms.

Defendants have moved to dismiss this action on several grounds. In their December 6, 2010 motion to dismiss, defendants Givens, Providence, Flores, DeMars and Sanchez contend, inter alia, that the claims against all defendants, except the claim against defendant Sanchez and the deliberate indifference claim against defendants DeMars and Dickinson, are barred by the rule announced in Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. By order filed April 8, 2011, the court announced its intention to consider evidence tendered by the parties extrinsic to the pleadings in connection with the claims arising from the disciplinary and/or criminal charges filed against plaintiff and, accordingly, to that extent converted defendants' December 6, 2010 and December 7, 2010 motions to dismiss to motions for summary judgment. In the same order, the court granted all parties an opportunity to file additional evidence in support of and opposition to this aspect of defendants' motions. See Fed. R. Civ. P. 12(d). In addition, the court found that another defendant, defendant Rogers, had appeared in the action by reason of arguments made in the motion to dismiss filed by defendants Givens, Providence, Flores, DeMars and Sanchez that claims against defendant Rogers were subject to dismissal.

On April 15, 2011, defendants Givens, Providence, Flores, DeMars and Sanchez filed objections to both the court's finding that defendant Rogers had appeared in the action and the partial conversion of defendants' motion to dismiss to a motion for summary judgment. On April 26, 2011, the same defendants filed a motion to withdraw their contention that some of plaintiff's claims are barred by Heck and its progeny. On May 4, 2011, plaintiff filed a motion for extension of time to file a further opposition to the motion of said defendants for summary

/////

judgment. On May 6, 2011, plaintiff filed an objection to defendants' motion to withdraw their Heck argument.

After review of the record, and good cause appearing, the motion of defendants Givens, Providence, Flores, DeMars and Sanchez to dismiss will be denied without prejudice. Said defendants will be granted twenty days from the date of this order in which to file and serve a response to plaintiff's third amended complaint. Said response may, as appropriate, be a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a motion for summary judgment, or an answer, or some combination of the foregoing. Defendants' motion to withdraw their Heck argument and plaintiff's motion for extension of time are mooted by this order and will therefore be denied.[1]

This court will defer ruling on defendants' objection to the court's April 8, 2011 finding that defendant Rogers has appeared in this action pending further order of court. By order filed August 6, 2010 the court determined that plaintiff's third amended complaint states a cognizable claim for relief against defendant Rogers and ordered plaintiff to provide information for service of process on form USM-285, a completed summons, sufficient copies of the complaint for service, and a notice of compliance. On September 14, 2010, the court ordered the United States Marshal to request a waiver of service from said defendant or, in the alternative, to complete personal service. On October 18, 2010, service directed to said defendant was returned unexecuted. The notation on the USM-285 form filed on October 19, 2010 suggests that said defendant was terminated from employment.

By order filed November 16, 2010, plaintiff was directed to provide addition information for service on said defendant. On January 13, 2011, plaintiff filed a motion for an extension of time to provide said information, which was granted by order filed January 21, 2011. On February 24, 2011, plaintiff filed notice that he had been unable to find any additional

---

[1] Defendant Newman's separate motion is the subject of findings and recommendations filed concurrently with this order.

information for service of process on defendant Rogers despite several efforts to gather such information from different sources.  He requests assistance from the court.

Pursuant to this court's prior order, if defendant did not return a waiver of service of summons within sixty days from the date of mailing the request for waiver, the United States Marshal was to personally serve process on defendant Rogers, "command all necessary assistance from the California Department of Corrections and Rehabilitation (CDC) to execute this order" and "maintain the confidentiality of all information provided by the CDC pursuant to" that order.  See Order filed September 14, 2010 at ¶ 5.  According to the information provided on the USM-285 form returned by the U.S. Marshal and filed on October 19, 2010, the prison facility advised the U.S. Marshal on October 18, 2010 that defendant Rogers had been terminated.  Good cause appearing, counsel for defendants Givens, Providence, Flores, DeMars and Sanchez shall take all steps necessary to assist the United States Marshal in locating an address for service of process on defendant P. Rogers and shall report to the court within twenty days whether he has been able to provide a valid address to the U.S. Marshal and, if not, why no address can be found.  The U.S. Marshal shall maintain the confidentiality of any service address information provided by counsel for said defendants.  Should an address be provided, the U.S. Marshal shall, upon receipt of that address, take all steps necessary to request a waiver of service and/or to personally serve defendant Rogers in accordance with the provisions of this court's September 14, 2010 order.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The December 6, 2010 motion of defendants Givens, Providence, Flores, DeMars and Sanchez for summary judgment and/or dismissal is denied without prejudice.

2. Within twenty days from the date of this order defendants Givens, Providence, Flores, DeMars and Sanchez shall file and serve a response to plaintiff's third amended complaint.  Said response may, as appropriate, be a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a motion for summary judgment, or an answer, or some combination of the foregoing.

3. Defendants' April 15, 2011 motion for modification of this court's April 8, 2011 order is denied as moot.

4. Defendants' April 26, 2011 motion to withdraw a ground for motion to dismiss is denied as moot.

5. Plaintiff's motion for extension of time is denied as moot.

6. Counsel for defendants Givens, Providence, Flores, DeMars and Sanchez shall take all steps necessary to assist the United States Marshal in locating an address for service of process on defendant P. Rogers and shall report to the court within twenty days whether he has been able to provide a valid address to the U.S. Marshal and, if not, why no address can be found.

7. The U.S. Marshal shall maintain the confidentiality of any service address information provided by counsel for said defendants. Should an address be provided, the U.S. Marshal shall, upon receipt of that address, take all steps necessary to request a waiver of service and/or to personally serve defendant Rogers in accordance with the provisions of this court's September 14, 2010 order.

8. The Clerk of the Court is directed to serve a copy of this order on the United States Marshal.

DATED: June 6, 2011.

UNITED STATES MAGISTRATE JUDGE

12
cypr2704.o

5