1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LAWRENCE CYPRIAN,

11            Plaintiff,               No. 2:09-cv-2704 JAM JFM (PC)

12        vs.

13   DERRICK GIVENS, et al.,           ORDER AND AMENDED[1]

14            Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is proceeding on claims raised in plaintiff's third amended

18   complaint, filed March 26, 2010.  In relevant part, plaintiff alleges that defendants Mitchell,

19   Flores, Dickinson and Newman all "conspired" to "deprive the plaintiff of equal protection of the

20   law" because they were presented with evidence that charges filed against plaintiff had been

21   fabricated and failed to consider those facts; plaintiff also claims these actions violated his right

22   to due process.  Plaintiff further alleges that defendant Newman, an attorney appointed to

23   represent plaintiff, denied plaintiff defense witnesses during trial on a criminal prosecution in

24   _____

25            [1]  These findings and recommendations are amended at page 4, l. 15 by insertion of the
     word "not" before the phrase "acting under color of state law", in response to defendant
26   Newman's June 7, 2011 request for amendment.

1   state court.  This matter is before the court on the motion of defendant Newman for summary

2   judgment.[2]

3                        SUMMARY JUDGMENT STANDARDS UNDER RULE 56

4               Summary judgment is appropriate when it is demonstrated that there exists "no

5   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

6   matter of law."  Fed. R. Civ. P. 56(c).

7               Under summary judgment practice, the moving party

8               always bears the initial responsibility of informing the district court
                of the basis for its motion, and identifying those portions of "the
9               pleadings, depositions, answers to interrogatories, and admissions
                on file, together with the affidavits, if any," which it believes
10              demonstrate the absence of a genuine issue of material fact.

11  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the

12  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment

13  motion may properly be made in reliance solely on the 'pleadings, depositions, answers to

14  interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after

15  adequate time for discovery and upon motion, against a party who fails to make a showing

16  sufficient to establish the existence of an element essential to that party's case, and on which that

17  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof

18  concerning an essential element of the nonmoving party's case necessarily renders all other facts

19  immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as

20  _____

21          [2] Defendant Newman, who has also filed an answer to the third amended complaint, filed
    the motion at bar as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  By order filed
22  April 8, 2011, the motion was converted to a motion for summary judgment and the parties were
    given an opportunity to file additional evidence in support of and opposition to the motion for
23  summary judgment.  On May 6, 2011, defendant Newman filed additional evidence in support of
    the motion.  Defendant Newman has included a supplemental request for judicial notice, by
24  which he seeks judicial notice of three additional documents:  a letter from the Solano County
    Superior Court denying plaintiff's request for a handwriting expert, a sealed transcript of a
25  Marsden hearing in said court, and a copy of the prison rules violation report at issue in the
    claims raised in plaintiff's third amended complaint.  Good cause appearing, defendant
26  Newman's request for judicial notice will be granted.  Plaintiff filed an opposition to the motion
    to dismiss but has not filed any further evidence in opposition to the motion.

1  whatever is before the district court demonstrates that the standard for entry of summary

2  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

3           If the moving party meets its initial responsibility, the burden then shifts to the

4  opposing party to establish that a genuine issue as to any material fact actually does exist. See

5  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to

6  establish the existence of this factual dispute, the opposing party may not rely upon the allegations

7  or denials of its pleadings but is required to tender evidence of specific facts in the form of

8  affidavits, and/or admissible discovery material, in support of its contention that the dispute

9  exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must

10 demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

11 suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);

12 T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and

13 that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

14 for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir.

15 1987).

16          In the endeavor to establish the existence of a factual dispute, the opposing party

17 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the

18 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

19 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary

20 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

21 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory

22 committee's note on 1963 amendments).

23          In resolving the summary judgment motion, the court examines the pleadings,

24 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.

25 Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477

26 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court

3

1  must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.  Nevertheless,

2  inferences are not drawn out of the air, and it is the opposing party's obligation to produce a

3  factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines,

4  602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to

5  demonstrate a genuine issue, the opposing party "must do more than simply show that there is

6  some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could

7  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

8  trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

9         On September 14, 2010, the court advised plaintiff of the requirements for

10  opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v.

11  Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc),  cert. denied, 527 U.S. 1035 (1999), and

12  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

13                                      ANALYSIS

14         Defendant Newman seeks summary judgment on the grounds that (1) he was a

15  private attorney not acting under color of state law; and (2) plaintiff cannot prove that he suffered

16  damages as a result of any act or omission by defendant Newman.

17         Except as otherwise noted, the following facts are undisputed.  At all times

18  relevant to this action, defendant Newman was an attorney in private practice.  On March 25,

19  2009, a felony complaint was filed in the Solano County Superior Court charging plaintiff with

20  felony possession of a weapon while confined in a penal institution.  The charges arose from an

21  incident at California Medical Facility (CMF) on January 14, 2009.  On March 31, 2009,

22  defendant Newman was appointed to represent plaintiff.

23         During the course of the representation, defendant Newman declined plaintiff's

24  request to have a second handwriting expert examine an anonymous note that had led to the

25  discovery of the weapon because defendant Newman did not believe a second expert would reach

26  a conclusion different from that of the first expert, who had concluded that the note was written by

4

1  someone other than the correctional officer who prepared an incident report concerning the events

2  at bar.  In addition, during the course of the representation, plaintiff informed defendant Newman

3  that he wanted to call certain witnesses to testify to plaintiff's good character.  Defendant

4  Newman advised against this based on his belief that such witnesses would open the door to

5  presentation by the prosecution of plaintiff's felony murder conviction.  Based on the foregoing,

6  plaintiff made a Marsden[3] motion to substitute counsel.  The motion was denied.

7          A jury trial was held between October 6, 2009 and October 8, 2009.  On October 9,

8  2009, the court determined that the jury could not reach a decision and was deadlocked 9 to 3 in

9  favor of acquittal.  On motion of the district attorney, the charges were dismissed.

10         To prevail on a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1)

11  the defendant acted under color of state law, and (2) the defendant deprived the plaintiff of a

12  constitutional right.  See, e.g., Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir.1985) (en

13  banc).  As a general rule, a court-appointed defense attorney does not act under color of state law

14  for purposes of a § 1983 action.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981).  A

15  defense attorney who conspires with state officials to deprive a client of his federal rights acts

16  under color of state law and thus may be liable under section 1983.  See Tower v. Glover, 467

17  U.S. 914, 923 (1984).

18         In the instant action, the undisputed evidence shows that defendant Newman was a

19  private attorney appointed to represent plaintiff in a state court criminal proceeding.  There is no

20  evidence that defendant Newman conspired with any state actor to deprive plaintiff of his federal

21  constitutional rights.  Moreover, defendant Newman's representation of plaintiff resulted in a jury

22  deadlocked 9-3 in favor of acquittal and the charges were ultimately dismissed.

23         For the foregoing reasons, this court finds that defendant Newman is entitled to

24  summary judgment.

25

26          [3]  People v. Marsden, 2 Cal.3d 118 (1970).

1    In accordance with the above, IT IS HEREBY ORDERED that defendant

2 Newman's May 6, 2011 supplemental request for judicial notice is granted; and

3    IT IS HEREBY RECOMMENDED that defendant Newman's December 7, 2010

4 motion for summary judgment be granted.

5    These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

7 days after being served with these findings and recommendations, any party may file written

8 objections with the court and serve a copy on all parties.  Such a document should be captioned

9 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

10 objections shall be filed and served within fourteen days after service of the objections.  The

11 parties are advised that failure to file objections within the specified time may waive the right to

12 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13 DATED: June 7, 2011.

14

15                                    UNITED STATES MAGISTRATE JUDGE

16

17 12
   cypr2704.amdfr
18

19

20

21

22

23

24

25

26