UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CYPRIAN, | ) Case No. 2:09-CV-2704 JAM-JFM |
| | ) (PC) |
| Plaintiff, | ) |
| | ) ORDER DENYING DEFENDANTS' |
| v. | ) REQUEST FOR RECONSIDERATION |
| | ) |
| DERRICK GIVENS, et al, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a Request for Reconsideration (Doc. #66) brought by defendants Derrick Givens, K. Providence, E.A. Mitchell, L.N. Flores, Sgt. DeMars, K.L. Dickinson, and L. Sanchez (collectively "Defendants"). Defendants ask this Court to reconsider the Order (Doc. #61) issued on June 7, 2011 ("the Order") by the Magistrate Judge denying Defendants' motion to dismiss without prejudice. The request for reconsideration was brought pursuant to Eastern District Local Rule 303, and no opposition to the request was filed. Defendants argue that the Magistrate Judge exceeded his authority under 28 U.S.C. § 636(b)(1)(A)-(B) and Federal Rules of Civil Procedure 72(b)(1) when he issued the Order, because he ruled on the motion to dismiss rather than issuing proposed findings and recommendations to this

1  Court.  The Order also dismissed as moot Defendants' motion to
2  withdraw a ground for the motion to dismiss (Doc. #59) and motion
3  for extension of time (Doc. #60).  Defendants did not request
4  reconsideration of these rulings.
5       On non-dispositive matters, a Magistrate Judge's order is
6  reviewed to ascertain whether it is clearly erroneous or contrary
7  to law.  Ellis v. Cambra, 2011 WL 2192828, *1 (E.D. Cal. June 6,
8  2011).  Federal Rule of Civil Procedure 72(a) defines non-
9  dispositive matters as those pre-trial matters not dispositive of a
10 claim or defense of a party.  McColm v. Restoration Group, Inc.,
11 2007 WL 1468992, *1 (E.D. Cal. May 17, 2007).
12      Because the Order denied the motion to dismiss without
13 prejudice, it was not a dispositive order and thus did not require
14 the findings and recommendations process.  The Order did not
15 address the merits of the motion to dismiss, and was thus not
16 dispositive of any claim or defense.  It is clear from the Order
17 that Defendants are free to re-file the motion to dismiss, or may
18 file a motion for summary judgment, an answer, or a combination
19 thereof.
20      Courts are necessarily vested with control to manage their own
21 affairs so as to achieve the orderly and expeditious disposition of
22 cases.  Ellis, 2011 WL 2192828 at *2.  Here, Defendants were
23 already attempting to amend the motion to dismiss by moving for
24 permission to withdraw one of the grounds of the motion.  In light
25 of the record, the denial without prejudice provides Defendants the
26 very opportunity that they sought to amend the substance of their
27 motion to dismiss.  The Magistrate Judge's order was within his
28 authority to issue, so as to facilitate the expeditious disposition

1 | of this case.
2 |     The Court does not find that the Magistrate Judge's ruling was
3 | clearly erroneous or contrary to law.  If Defendants desire further
4 | clarification as to the Magistrate Judge's Order, such a request
5 | for clarification should be directed to the Magistrate Judge.
6 |
7 |     IT IS SO ORDERED.
8 | Dated: July 8, 2011
9 |                                         _____
                                            JOHN A. MENDEZ,
                                            UNITED STATES DISTRICT JUDGE