IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE CYPRIAN,

        Plaintiff,                    No. 2:09-cv-2704 JAM JFM (PC)

    vs.

DERRICK GIVENS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This matter is proceeding on claims raised in plaintiff's third amended complaint, filed March 26, 2010. In relevant part, plaintiff alleges that defendants Givens and Rogers "filed a false charge" against him, and that defendant Providence acted in concert with these two defendants to "frame" him. Third Amended Complaint, filed March 26, 2010, at 3. Plaintiff alleges that defendant Sanchez denied him access to the law library to defend against the charges. Id. Plaintiff alleges that defendants Mitchell, Flores, Dickinson and Newman, a private attorney, all "conspired" to "deprive the plaintiff of equal protection of the law" because they were presented with evidence that the charges had been fabricated and failed to consider those

/////

/////

1

facts; plaintiff also claims these actions violated his right to due process.[1]  Finally, plaintiff alleges that defendants DeMars and Dickinson were deliberately indifferent to plaintiff's health and safety by housing him in an administrative segregation unit with no outside airflow, causing plaintiff to suffer hayfever symptoms.  This matter is before the court on defendants' renewed motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).[2]

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

## ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

Plaintiff's third amended complaint consists of the following allegations relevant to the instant motion:

---

[1] The court has granted defendant Newman's motion for summary judgment on all claims raised against him in the third amended complaint.  See Order filed July 22, 2011.  Throughout these findings and recommendations, all references to defendants collectively are to the six remaining defendants.

[2] Defendants' first motion to dismiss was denied without prejudice by order filed June 7, 2011.  That order was affirmed by the district court after defendants moved for reconsideration.  See Order filed July 8, 2011.

> Plaintiff alleges defendants Derrick Givens, and P. Rogers, filed a false charge against him; and by complicity defendant K. Providence, acted in concert with them to frame the plaintiff depriving him of his Constitutional Rights.  Plaintiff also alleges defendant L. Sanchez, a Librarian denied plaintiff access to the Library and thereby interfered with his right to redress his legal issues with the court; depriving the plaintiff or [sic] the equal protection of the law.  The plaintiff alleges defendants E.A. Mitchell, L.N. Flores, K.L. Dickinson, and B.K. Newman, all conspired and acted in concert to deprive the plaintiff of the equal protection of the law because they were presented evidence the false charge filed against him had been fabricated by the aforementioned officers.  Defendants E.A. Mitchell, L.N. Flores, K.L. Dickinson and attorney B.K. Newman, failed in their duty to consider the facts as presented to them and to afford the plaintiff the Equal Protection of the Law.  Their actions also deprived the plaintiff of his Due Process of law as guaranteed by the U.S. and California's State Constitutional Laws. . . .  In a "Related Cause" while being held in Administration [sic] Segregation defendants DeMars, and K.L. Dickinson, were Deliberated [sic] Indifferent to the plaintiff's health and safety by failing to consider his pain and suffering while housed in a unit with no outside air flow which causes the plaintiff to suffer hayfever type symptoms.

Third Amended Complaint, filed March 26, 2010, at 3-4.

### DEFENDANTS' MOTION TO DISMISS

Defendants seek dismissal on the ground that plaintiff has failed to allege sufficient facts to support any of his claims.  Defendants also contend they are entitled to qualified immunity.

I. <u>Equal Protection Claim</u>

Defendants' first contention is that plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment because he has failed to allege any facts which show that defendants treated him differently based on membership in a protected class.  In opposition to the motion, plaintiff contends that he was "singled out and chosen as the one individual upon whom [defendants] would file a false charge."  Opposition to Renewed Motion to Dismiss, filed August 11, 2011, at 2.  Plaintiff also suggests the possibility that the charges may have been brought due to his homosexual relationship with a Caucasian inmate.  <u>See id</u>. at 3

/////

and Ex. O.  None of the contentions raised in plaintiff's opposition to the renewed motion to dismiss are suggested by the allegations of the third amended complaint.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982).  Plaintiff has not alleged any facts in the third amended complaint that suggest that he was treated differently from otherwise similarly situated inmates.  For this reason, he has failed to state a cognizable equal protection claim.  Given the assertions in plaintiff's opposition, the court cannot find that the defects in plaintiff's equal protection claim could not be cured by amendment.  Accordingly, plaintiff should be given an opportunity to file a fourth amended complaint to cure these defects.  Plaintiff is cautioned, however, that any amended equal protection claim must be supported by factual allegations; vague and conclusory assertions are insufficient to support a cognizable claim for relief.  See Bell Atlantic Corp., 550 U.S. at 554.

II. Due Process

Defendants seek dismissal of plaintiff's due process claim on the ground that he has failed to alleged any facts which suggest that he suffered any significant or atypical hardship as a result of the allegedly false disciplinary charges.  Once again, plaintiff's opposition to the motion contains several allegations not included in the prior amended complaint.

An allegation that a false disciplinary report has been filed can state a claim for a procedural due process violation if the plaintiff alleges that the procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974) were not met in connection with prosecution of the disciplinary charges and/or that the disciplinary conviction was not supported by "some evidence."  See, e.g., Black v. Lane, 22 F.3d 1395, 1401-02 (7th Cir. 1994).  Conversely, a procedural due process claim arising out the filing of a false disciplinary report fails if the Wolff protections were afforded to the inmate at a disciplinary hearing.  See Freeman v. Rideout, 808

F.2d 949 (2nd Cir. 1986), cert. denied, 485 U.S. 982 (1988) (inmates procedural due process rights are not violated by false charges if inmate is granted a hearing on the charges and an opportunity to rebut them). The protections under Wolff include (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial hearing body; (3) the right to call witnesses and to present documentary evidence; and (4) a written statement of reasons for the disciplinary action taken. Black, at 1402 (citing Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988) in turn citing Wolff).

Here, plaintiff has not alleged in the third amended complaint whether he was convicted of the disciplinary charges, though the record before the court otherwise demonstrates that he was, nor does he allege any facts which suggest that he was denied the procedural protections outlined in Wolff at the disciplinary hearing. For that reason, plaintiff's due process claim must be dismissed. Because the court cannot find at this stage that the defects in plaintiff's due process claim could not be cured by amendment, plaintiff should be granted an opportunity to amend this claim.

III.  Interference with Access to the Courts

Defendants seek dismissal of plaintiff's claim against defendant Sanchez for interference with his right to access the courts by denying him access to the prison law library. Defendants contend that plaintiff was represented by counsel in the state court proceedings and therefore had no additional constitutional right to access the law library in connection with defending against the state criminal charges. Defendants also contend plaintiff suffered no actual injury to his right to access the courts. In opposition to the motion, plaintiff contends that defendant Sanchez' acts hindered his ability to research claims against defendants Givens and Rogers.

In Lewis v. Casey, 518 U.S. 343 (1996), the United States Supreme Court held that prison inmates have a constitutionally protected right to access the courts to bring civil rights actions to challenge their conditions of confinement and to bring challenges to their criminal

5

convictions.  Lewis v. Casey, 518 U.S. at 351.  The right of access to the courts "guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id. at 356.  To prevent summary judgment for defendants, plaintiff must present evidence, sufficient to create a genuine issue of material fact, that defendants by their acts prevented him from bringing, or caused him to lose, an actionable claim of this type.  Id.

      Plaintiff's third amended complaint contains no facts which suggest he suffered actual injury to his right to access the court as a result of any act or omission by defendant Sanchez.  Moreover, plaintiff has initiated this action and has included defendants Givens and Rogers as defendants and therefore cannot show that any act or omission by defendant Sanchez prevented him from bringing the action.  For that reason, the court finds that plaintiff cannot cure the deficiencies in the claim against defendant Sanchez and will recommend that this claim be dismissed without leave to amend.

IV.  Deliberate Indifference to Medical Needs

      Defendants seek dismissal of plaintiff's Eighth Amendment claim against defendants DeMars and Dickinson on the grounds that (1) plaintiff has alleged no facts which suggest that either of these defendants had any authority to transfer him to a different housing unit; or (2) that the alleged hayfever symptoms caused the unnecessary and wanton infliction of pain.  Defendants also observe that plaintiff has elsewhere conceded that he received medical treatment for the hayfever symptoms.

      In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.

In his opposition to the motion, plaintiff concedes that his hayfever symptoms were treated with medication, and his sole complaint appears to be the failure of defendant DeMars and Dickinson to transfer him to another housing unit. Plaintiff has no constitutional right to a particular housing assignment. See Meachum v. Fano, 427 U.S. 215, 224 (1976). Plaintiff's Eighth Amendment claim against defendants DeMars and Dickinson should be dismissed without leave to amend.

V. Qualified Immunity

For the reasons set forth in these findings and recommendations, two of plaintiff's claims should be dismissed with leave to amend and two should be dismissed without leave to amend. In light of the fact that the third amended complaint contains no cognizable claims for relief, the court will not make any findings and recommendations on the defense of qualified immunity at this time.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' July 14, 2011 renewed motion to dismiss be granted;

2. Plaintiff's equal protection and due process claims arising out of the alleged issuance of false disciplinary charges be dismissed with leave to amend;

3. Plaintiff's claim of interference with his right to access the courts be dismissed without leave to amend;

4. Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical needs be dismissed without leave to amend;

5. Plaintiff be granted thirty days from the date of any order by the district court adopting these findings and recommendations to file a fourth amended complaint raising only his equal protection and/or due process claims arising from the alleged issuance of false disciplinary charges; and

      6. Defendants not be required to respond to any fourth amended complaint until it is screened by this court pursuant to 28 U.S.C. § 1915A.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 19, 2011.

                                          /s/ John F. Moulds
                                        UNITED STATES MAGISTRATE JUDGE

12
cypr2704.mtd2