IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE CYPRIAN,

        Plaintiff,                  No. 2:09-cv-2704 JAM JFM (PC)

    vs.

DERRICK GIVENS, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed January 19, 2012, defendants' motion to dismiss plaintiff's third amended complaint was granted and plaintiff was granted a period of thirty days to file a fourth amended complaint raising only the equal protection and/or due process claims arising from the alleged issuance of false disciplinary charges previously raised in his third amended complaint. After receiving an extension of time, on April 25, 2012, plaintiff filed a proposed fourth amended complaint, a supplemental statement of facts, a declaration, and a document styled "Plaintiff Lawrence Cyprian, Files Criminal Action Complaint to Redress Criminal Wrong Committed by Two (2) Defendants in this Cause of Action." The court construes these documents together as plaintiff's proposed fourth amended complaint.

/////

1

STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, id. However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## ALLEGATIONS OF THE FOURTH AMENDED COMPLAINT

In the proposed fourth amended complaint and associated documents, plaintiff makes the following allegations. On January 14, 2009, defendants Givens and Rogers filed a false prison disciplinary report charging plaintiff with possession of an inmate manufactured weapon. Fourth Amended Complaint, filed April 25, 2012 (FAC), at 3. Defendant Providence was not impartial when adjudicating the disciplinary charges. Id. Defendants Mitchell, Flores and Dickinson failed to fully investigate the charges in spite of contentions raised by plaintiff that the anonymous note on which the charges were based had been forged and the evidence fabricated by defendants Givens and Rogers. Id. at 3-4.

Defendant Givens perjured himself by testifying at a criminal trial on the charges that the door stopper in which the weapon was found was five inches in diameter, and then testifying at the disciplinary hearing that it was three inches in diameter. Supplemental Statement of Facts, filed April 25, 2012, at 3-4. At the start of a disciplinary hearing on the charges on February 28, 2009, defendant Providence stated that defendant Givens would not lie. Id. at 4. Defendant Providence also accepted a "contradictory statement" from defendant Rogers. Id. at 5. Defendant Providence also failed to give plaintiff a complete report of the incident leading to the charges, including "the questions asked and responses given." Id. Moreover, defendant Providence's final report did not state that the weapon was found in a door stopper but, instead, that the weapon had been found in plaintiff's property. Id. Plaintiff subsequently raised these issues with defendants Flores and Mitchell, who did nothing to remedy the problem. Id. Plaintiff was found guilty at two disciplinary hearings, but was "finally cleared" at the third hearing, when he was found not guilty and the charge was dismissed. Id. at 8. Plaintiff was also criminally prosecuted for possession of a weapon; the charges were dismissed after the jury returned a verdict 9 to 3 in favor of acquittal. Id.

1          Based on the foregoing, plaintiff claims that his rights to due process and equal
2  protection were violated, and he also raises pendent state law claims.

3                                              ANALYSIS

4          An allegation that a false disciplinary report has been filed can state a claim for a
5  procedural due process violation if the plaintiff alleges that the procedural protections outlined in
6  Wolff v. McDonnell, 418 U.S. 539 (1974) were not met in connection with prosecution of the
7  disciplinary charges and/or that the disciplinary conviction was not supported by "some
8  evidence."  See, e.g., Black v. Lane, 22 F.3d 1395, 1401-02 (7th Cir. 1994).  Conversely, a
9  procedural due process claim arising out the filing of a false disciplinary report fails if the Wolff
10 protections were afforded to the inmate at a disciplinary hearing.  See Freeman v. Rideout, 808
11 F.2d 949 (2nd Cir. 1986), cert. denied, 485 U.S. 982 (1988) (inmates procedural due process
12 rights are not violated by false charges if inmate is granted a hearing on the charges and an
13 opportunity to rebut them).  The protections under Wolff include (1) written notice of the charges
14 at least twenty-four hours prior to the hearing; (2) the right to appear in person before an
15 impartial hearing body; (3) the right to call witnesses and to present documentary evidence; and
16 (4) a written statement of reasons for the disciplinary action taken.  Black, at 1402 (citing Cain v.
17 Lane, 857 F.2d 1139, 1145 (7th Cir. 1988) in turn citing Wolff).

18         Here, plaintiff was ultimately acquitted of the disciplinary charges at a third
19 disciplinary hearing.  It is clear from the allegations of the fourth amended complaint and
20 associated documents that the procedural requirements of the due process clause were satisfied in
21 connection with the extended disciplinary proceedings on the charges.  For that reason, plaintiff
22 has failed to state a cognizable claim that his right to due process was violated in connection with
23 the prison disciplinary charges.

24         "The Equal Protection Clause of the Fourteenth Amendment commands that no
25 State shall 'deny to any person within its jurisdiction the equal protection of the laws, which is
26 essentially a direction that all persons similarly situated should be treated alike."  City of

4

Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982). Plaintiff has not alleged any facts in the fourth amended complaint that suggest that he was treated differently from otherwise similarly situated inmates. For this reason, he has failed to state a cognizable equal protection claim. Moreover, plaintiff has twice been granted leave to amend to cure deficiencies in his pleading, including in his equal protection claim, and he has failed to cure the deficiencies in his assertion that the alleged events violated his right to equal protection. For that reason, the court finds plaintiff should not be granted any further opportunity to amend this claim. See McGlinchy v. Shell Chemical Co., 845 F.2d 802, 809-10 (9th Cir. 1988) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Finally, as noted above, plaintiff has raised pendent state law claims. Because plaintiff has failed to state a cognizable federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's pendent state law claims. See 28 U.S.C. § 1367(c)(3).

For all of the foregoing reasons, this court finds that plaintiff's fourth amended complaint fails to state a federal claim on which relief may be granted, plaintiff's state law claims should be dismissed without prejudice, that this action should be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted;

2. Plaintiff's state law claims be dismissed without prejudice; and

3. This action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be filed and served within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: June 26, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

12
cypr2704.dm